IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SWARTZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0889 |
| | § | |
| TEXTRON GROUND SUPPORT | § | |
| EQUIPMENT INC. f/k/a Tug | § | |
| Technologies Corp., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This personal injury case is before the Court on the Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion to Transfer") [Doc. # 8] filed by Defendant Textron Ground Support Equipment Inc. ("Textron"). Plaintiff Eric Swartz neither filed a response to the Motion to Transfer nor requested an extension of the response deadline. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. *See* S.D. TEX. R. 7.3, 7.4. However, in the interests of justice, the Court will address the Motion to Transfer on its merits.

The Court has reviewed the record and the applicable legal authorities. Based on this review, the Court **grants** the Motion to Transfer and **transfers** this case to the United States District Court for the Northern District of Texas pursuant to § 1404(a).

I.  **BACKGROUND**

Plaintiff is a resident of Collin County, Texas, located in the Eastern District of Texas, Sherman Division. Textron is a Delaware corporation with its principal place of business in Georgia.

Plaintiff alleges that he was injured in February 2017 while working for American Airlines as a baggage agent. It is undisputed that Plaintiff was working at the Dallas Forth Worth International Airport ("DFW") in Tarrant County, Texas, at the time of his injury. Plaintiff alleges that he was using a Textron belt loader to load baggage into a Boeing 767 aircraft. Plaintiff alleges that, after the baggage loading process was completed, he was walking down the belt loader. Plaintiff alleges that the safety railing on the belt loader collapsed, causing him to fall several feet to the ground. Plaintiff alleges that he injured his left knee and right foot in the fall.

Plaintiff was transported to the emergency department at Medical City Las Colinas in Dallas County, Texas, for treatment following the incident. At the emergency department, it was determined that Plaintiff suffered a fracture of the right calcaneous, or heel bone.

Plaintiff filed this lawsuit against Textron in state court in Harris County, Texas. Textron filed a timely Notice of Removal [Doc. # 1]. Textron filed the pending Motion to Transfer, noting that the lawsuit had no connection with Harris

County, Texas, except that Plaintiff's attorney has his office in Houston. Textron argues that the case should be transferred to the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1404(a). The Motion to Transfer is now ripe for decision.

II. **APPLICABLE LEGAL STANDARD**

The Court may transfer a case "for the convenience of parties and witnesses, in the interest of justice" to any federal district where it might have been brought. *See* 28 U.S.C. § 1404(a). The party seeking to transfer venue bears the burden to satisfy the statutory requirements of § 1404(a) and demonstrate that a transfer is for the convenience of parties and witnesses and is in the interest of justice. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*). The ultimate decision whether to transfer a case pursuant to § 1404(a) is within the sound discretion of the district court. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The Court first must determine whether the proposed transferee forum qualifies as a judicial district where the civil action might have been brought under the applicable venue statute. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

"If the action could have been brought in the alternate venue, the court must then weigh a series of non-exhaustive private and public interest factors, none of

which is given dispositive weight." *LeBlanc v. C.R. Eng., Inc.*, 961 F. Supp. 2d 819, 830 (N.D. Tex. 2013) (citing *In re Volkswagen*, 545 F.3d at 315). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315 (internal quotation marks and citation omitted). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (internal quotation marks and citation omitted) (alteration in original).

In the Fifth Circuit, a plaintiff's choice of venue is not a separate factor in the § 1404(a) analysis, but the importance of a plaintiff's choice is taken into account by the significant burden placed on the movant to show good cause for the transfer. *Id.* at 314 n.10 ("Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer."). Generally, unless the proposed transferee venue is "clearly more convenient" than the plaintiff's chosen

venue, the plaintiff's choice should be given deference. *See id.* at 315. The degree of deference is higher when the plaintiff has chosen his home forum. *See TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 459 (N.D. Tex. 2017). When a plaintiff is not a resident of the chosen forum, however, or when the operative facts underlying the case did not occur in the chosen forum, the court gives less deference to a plaintiff's choice of venue. *See id.*

**III. ANALYSIS**

    **A. Available Alternative Forum**

There is no dispute that this lawsuit could have been filed in the Northern District of Texas. A civil action may be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .." 28 U.S.C. § 1391(b)(2). In this case, it is uncontroverted that Plaintiff was injured at DFW in Tarrant County, located in the Fort Worth Division of the Northern District of Texas. Textron does not challenge personal jurisdiction in the Northern District of Texas. Therefore, the initial requirement for transfer pursuant to § 1404(a) is satisfied in this case.

    **B. Private Interest Factors**

The Court must consider the private interest factors: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[1] *In re Volkswagen*, 545 F.3d at 315 (internal quotation marks and citation omitted). The Court finds that these factors weigh heavily in favor of transfer.

The Northern District of Texas is more convenient for the parties. Plaintiff resides in the Eastern District of Texas,[2] but Collin County is immediately adjacent to the Northern District of Texas. Collin County is approximately 250 miles from Houston, but only approximately 45 miles from Fort Worth. Textron asserts that the Northern District of Texas is a more convenient forum for its witnesses.

Plaintiff's employment records, medical records, and the accident investigation records are all located in the Northern District of Texas. Plaintiff has not identified any evidence located in the Southern District of Texas. This "ease of access to sources of proof" factor weighs in favor of transfer.

---

[1] The "convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (finding that the "factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue")); *Holcombe v. Advanced Integration Tech.*, 2018 WL 1169466, *6 (E.D. Tex. Mar. 6, 2018). Therefore, the Court does not consider that Plaintiff's counsel is located in Houston, Texas, for purposes of the § 1404(a) analysis.

[2] Because Plaintiff is not a resident of the Southern District of Texas, the Court gives less deference to his choice of this forum. *See TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 459 (N.D. Tex. 2017).

Textron has identified non-party witnesses who would not be subject to this Court's subpoena power. These witnesses include American Airlines employees at DFW and Plaintiff's medical providers. Because the witnesses reside either in the DFW area or in Collin County, Texas, they are within the 100-mile subpoena power of the Northern District of Texas.[3] This factor weighs in favor of transfer.

To the extent the identified witnesses would attend a trial in this case willingly, it would be more expensive and less convenient for them to travel to Houston than to travel to Fort Worth. Most of the identified witnesses reside within a short distance of the Fort Worth Division federal courthouse. Houston, however, is approximately 250 miles away. Travel to Houston by witnesses appearing for trial by agreement would likely require transportation, lodging, and meal expenses not required for their appearance for a trial in the Northern District of Texas. This factor weighs in favor of transfer.

There are no practical problems in the Northern District of Texas that make trial of this case more easy or expeditious in the current district. Both the Southern District of Texas and the Northern District of Texas are busy courts. The case is in its very

---

[3] A court may issue a subpoena commanding a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A).

early stages, so there is no indication that transfer to the Northern District of Texas would result in delay or other prejudice to Plaintiff.

The Court finds that the private interest factors weigh heavily in favor of transfer of this lawsuit from the Southern District of Texas to the Northern District of Texas, Fort Worth Division.

### C. Public Interest Factors

The Court must also consider the public interest factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315 (internal quotation marks and citation omitted) (alteration in original). The administrative difficulties flowing from court congestion, the familiarity of the forum with the governing law, and the avoidance of unnecessary problems with conflicts of law or the application of foreign law do not weigh in favor of or against transfer. The two federal district courts are very busy, and they have similar familiarity with Texas personal injury law. There is no indication that there are conflicts or foreign law issues in this case.

The second factor – the local interest in having localized interests decided at home – weighs heavily in favor of transfer. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d at 206. This lawsuit has no connection with the Southern District of Texas or with the people who reside in the district and serve on its juries.

The local interest in the Northern District of Texas, on the other hand, is significant. Plaintiff's lawsuit is based on an accident and injury that occurred wholly within the Northern District. The residents of the Northern District of Texas, Fort Worth Division, have a significant interest in the safety of workers at DFW and in the conduct of a company that provides equipment for those workers. Therefore, the public interest factors weigh in favor of transfer.

## IV.   **CONCLUSION AND ORDER**

The uncontroverted record demonstrates that the convenience of the parties and witnesses, and the interest of justice, strongly favors transfer of this case to the Northern District of Texas, a district in which the lawsuit could have been filed. As a result, it is hereby

**ORDERED** that Textron's Motion to Transfer [Doc. # 8] is **GRANTED**. The case will be transferred to the Northern District of Texas, Fort Worth Division, by separate order.

SIGNED at Houston, Texas, this 9th day of **July, 2019**.

*[Signature]*

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE